# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2021

Lyle W. Cayce
Clerk

No. 19-60834
Summary Calendar

Jose Oscar Chavez-Dominguez, *also known as* Jose Oscar Dominguez,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A024 827 977

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Jose Oscar Chavez-Dominguez, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the denial of his application for asylum, withholding of removal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and relief under the Convention Against Torture (CAT). We review factual findings under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Proceeding pro se, Chavez-Dominguez contends that the immigration judge's (IJ) order of removal is not final and that he should not have been removed prior to the deadline for filing his petition for review. Because the BIA dismissed his appeal and he was removed after that dismissal, Chavez-Dominguez has not shown error in this regard. *See* 8 U.S.C. § 1101(a)(47)(B)(i); 8 C.F.R. § 1241.33(a).

Although Chavez-Dominguez indicates that his entry into the United States was legal, it is not clear if, by doing so, he is challenging the IJ's finding that he was removable as charged because he was "[a]n alien present in the United States without being admitted or paroled, or who arrive[d] in the United States at any time or place other than as designated by the Attorney General," as set forth in 8 U.S.C. § 1182(a)(6)(A)(i). This argument is not sufficiently briefed and was not fairly presented to the BIA for purposes of exhaustion. *See Omari v. Holder*, 562 F.3d 314, 318, 320-21 (5th Cir. 2009); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, the IJ's removal order also rested on its finding that Chavez-Dominguez was removable as charged under § 1182(a)(2)(A)(i)(II) as an alien who was convicted of a controlled substance offense. Chavez-Dominguez admitted that conviction before the IJ, and he does not challenge that basis for the removal order before us, thereby waiving the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

To the extent that Chavez-Dominguez challenges the denial of his asylum application, we lack jurisdiction to review the BIA's determination that his application was untimely and did not meet any of the relevant

exceptions. *See* 8 U.S.C. § 1158(a)(3). Because Chavez-Dominguez has not challenged the denial of his applications for withholding of removal or CAT relief before us, he has waived those issues. *See Soadjede*, 324 F.3d at 833.

Although Chavez-Dominguez asserts vague due process claims regarding an unrelated criminal charge and the sufficiency of the administrative record, he does not provide sufficient support for those claims. *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008); *Yohey*, 985 F.2d at 224-25.

Accordingly, the petition for review is DENIED in part and DISMISSED in part.